UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

INGINIO HERNANDEZ,

Plaintiff,

v.

ROMEO ARANAS, *et al.*,

Defendants.

Case No. 3:16-cv-00606-MMD-CBC

ORDER

## I. SUMMARY

Plaintiff Inginio Hernandez sued medical personnel and officials at Ely State Prison ("ESP") under 42 U.S.C. § 1983, alleging they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment because of the way they treated his complaints of pain in his back, neck, and finger. (ECF No. 7 at 3-5, 6-7.) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 91) ("R&R" or "Recommendation") regarding Defendants' motion for summary judgment ("Motion") (ECF No. 59).[1] Plaintiff filed an objection (ECF No. 92),[2] and Defendants responded (ECF No. 94). The R&R recommends granting Defendant's Motion. (ECF No. 91 at 9.) Following a *de novo* review of the R&R, the Motion, and related briefing and exhibits, the Court agrees

---

[1] The Court has reviewed the response (ECF No. 85) and reply (ECF No. 87) related to Defendant's Motion.

[2] Plaintiff filed two motions, one styled as an objection and the other as a motion for reconsideration. (ECF Nos. 92, 93.) Having reviewed their contents, the Court construes the two documents as a single objection to the R&R. The Court also notes that Plaintiff filed a reply in support of his objection (ECF No. 95), without first seeking the Court's leave. But "[r]eplies will be allowed only with leave of court." LR IB 3-2(a). Moreover, the issues raised in the Motion and Plaintiff's objection have been thoroughly briefed. The Court has therefore not considered Plaintiff's reply, and will direct the Clerk of Court to strike it from the record.

1 with Judge Carry's analysis, and will therefore accept and adopt the R&R in full, and overrule Plaintiff's objection.

## II. REPORT AND RECOMMENDATION (ECF NO. 91)

Judge Carry recommends granting Defendant's Motion on the grounds that: (1) she could not conclude that the treatment choices Defendants made regarding Plaintiff's pain in his back and shoulders were medically unacceptable or made in conscious disregard of an excessive risk to Plaintiff's health; and (2) Plaintiff's injury to his little finger did not rise to the level of an objectively significant medical need requiring treatment to avoid serious further injury. (ECF No. 91 at 8, 9.)

### A. Legal Standards

#### 1. Review of Magistrate Judge's Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects[3] to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection, the Court will engage in a *de novo* review to determine whether to adopt Magistrate Judge Carry's R&R.

#### 2. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

---

[3]Defendants argue the Court should not consider Plaintiff's objection because it was untimely filed. (ECF No. 94 at 3.) Defendants are correct that the more substantive of the two documents Plaintiff filed as his objection (ECF No. 93) was untimely filed, but the other document was timely filed (ECF No. 92). *See* LR IB 3-2(a) (providing objections must be filed within 14 days after the R&R was served). Because one of the documents was timely filed, and because of the public policy favoring the disposition of cases on their merits that "is particularly important in civil rights cases[,]" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted), the Court will consider the merits of Plaintiff's objection.

the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

1 **B. Discussion**

2 Plaintiff generally objects to Judge Carry's Recommendation that summary
3 judgment be granted in Defendants' favor because Defendants did not respond
4 reasonably to Plaintiff's ongoing pain and suffering. (ECF No. 93 at 3.) Plaintiff further
5 repeats his argument from the underlying briefing that Defendants did not offer him
6 treatments that would eliminate the causes of his pain rather than just treating the pain.
7 (*Id.* at 10.) He also argues that Defendants should have inquired further to determine the
8 sources of his pain, pointing out that other courts have found deliberate indifference when
9 doctors either did not investigate complaints of pain or declined to perform tests suggested
10 by symptoms that would have led a doctor to find the cause of those symptoms. (*Id.* at 11-
11 14.)

12 Defendants counter that Plaintiff's objection to the R&R should be overruled
13 because they "supported their MSJ with evidence showing (1) NDOC [Nevada Department
14 of Corrections] physicians determined in 2012 that Plaintiff was malingering back and
15 shoulder pain, and (2) NDOC medical staff determined Plaintiff's pinky finger was not
16 injured." (ECF No. 94 at 3.) They further argue that Plaintiff was examined 85 times, and
17 treated, for his back and shoulder pain between 2011 and 2017. Defendants also argue
18 that Plaintiff presented no evidence to support his claim that he injured his pinky finger, or
19 that Defendants' advice to rest that finger was medically unacceptable. (*Id.*)

20 The Court largely agrees with Defendants. Regardless of whether Plaintiff was
21 malingering, Defendants proffered sufficient evidence to establish that Plaintiff's
22 complaints about the medical care he received with respect to his back and shoulder pain
23 constitute, at best, a difference of opinion between Plaintiff and Defendants insufficient to
24 establish deliberate indifference. (ECF No. 91 at 5-8.) *See also Toguchi v. Chung*, 391
25 F.3d 1051, 1058 (9th Cir. 2004) ("[A] mere 'difference of medical opinion ... [is] insufficient,
26 as a matter of law, to establish deliberate indifference.'") (citation omitted). The Court also
27 agrees with both Defendants' argument and Judge Carry's conclusion that the evidence
28 establishes Plaintiff's alleged injury to his finger was insufficiently severe to constitute a

serious medical need. (ECF No. 91 at 8-9, *see also* ECF Nos. 94 at 3, 61-1 at 22 (showing in sealed document that Plaintiff's finger was evaluated on March 10, 2015; he was told to rest it and follow up as needed), 21 (stating no swelling or redness of the hand was observed during another examination on March 31, 2015).) The Court will therefore overrule Plaintiff's objection, and accept and adopt Judge Carry's R&R in full.

**III.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion and recommendation before the Court.

The Court accepts and adopts the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 91) in its entirety.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 59) is granted.

It is further ordered that Plaintiff's objection (ECF Nos. 92, 93) is overruled.

The Clerk of Court is directed to strike Plaintiff's reply (ECF No. 95) filed in support of his objection because he filed it without first obtaining the Court's leave.

The Clerk of Court is further directed to enter judgment in accordance with this order and close this case.

DATED THIS 29th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE